This was an application for a Writ of Error to a judgment of the Superior Court of Henrico against the petitioner. He was indicted in that Court under the Statute against mayhem, (b) for maliciously and unlawfully shooting one Andrew Tensor: there was a Count for the malicious, and another for the unlawful shooting. Each Count charged the intention in the conjunctive, “with intention to main, disfigure, disable, and kill:” the words of the Statute are in the disjunctive: “ whoever shall unlawfully shoot or stab another, with intention, in committing any of the said acts, to maim, disfigure, disable, or kill,” &c. The jury found the prisoner guilty of unlawful shooting, “ with intention to maim, disfigure and disable, but not with intention to kill,” and referred it to the Court to decide whether he could be punished under the Indictment. That Court decided, 1. That the Indictment was good; that *although the Statute is in the disjunctive, yet that according to the most approved authorities and precedents, the Indictment ought to lay the intention in the conjunctive. That although a separate Count for each separate intent is recommended by the latest writer on Criminal Law, (a) and may be proper, yet it is not necessary. 2. That although the intention is laid in the conjunctive, it is not necessary to prove all of the intentions ; that it is enough to prove so much of the Indictment as shews that the prisoner committed a substantive offence charged upon him, and that an unlawful shooting, with either intent, is a substantive offence under the Statute.
When the prisoner was brought up to receive his sentence, he moved in arrest of judgment, and alleged that he had not been examined by the County Court for the felony on which he was indicted. The record of the Examining Court, which he exhibited in support of his motion, charged him with the fact of shooting A. Tensor, with intention to maim, disfigure, or kill, but did not call it an unlawful, or malicious shooting. The depositions spread on the record, shew it to have been an unlawful, if not a malicious shooting. The Superior Court refused to arrest the judgment,-on the ground, principally, that he had been examined for the fact of which he was indicted.
The prisoner now moved the General Court for a Writ of Error, alleging the latter ground only, as cause for reversal. The Court, however, examined the whole record, and decided:
1. That the Indictment was good and sufficient, it being proper to lay the intention in the conjunctive, although the Statute is in the disjunctive, (b)
*213 2. That the finding by the jury of a substantive offence, was sufficient, without proving all of the intentions laid.
*3. Without deciding whether the record of the Examining Court proved
that he had been examined for the offence of which he was indicted; yet, they decided that the objection came too late ; that it could not be moved in arrest of judgment, as was previously decided in a case from Campbell Circuit Court in June, 1819. (d)
The motion for a Writ of Error was, thereupon, overruled.
Note (in edition of 1853). — The Court did not in this Case give its reasons in support of the two first propositions: it may not, then, be amiss to copy the opinion given on the subject by the Circuit Court, when the judgment was pronounced on the verdict. “As to the first question, I think there is no doubt that the Indictment is good, on principle and on authority. It is true that Indictments on Penal Statutes must strictly pursue the Statute, and that the fullest description of the offence, even if in terms of a legal definition, is not sufficient, without keeping close to the expressions. This position is well illustrated by the case of a man being indicted for robbery ‘in a certain King’s footway leading from London to Islington;’ the prisoner was admitted to his Clergy, because the Statute describes the place as “in or near the King’s highway.” In this Case, if the Indictment, instead of using the words “maim, disfigure,” &c. were to use other words conveying the same meaning, the Indictment would not be sufficient. But, in this Indictment, those words are used, and it does keep close to the words of the Statute. But it is supposed to depart from it in using the conjunctive, instead of the disjunctive, and that such "variance is fatal. To shoot with intent only to disfigure, is certainly punishable under this Statute: so with intent to maim, with intent to disable, and with intent to kill; and if an unlawful shooting, with either of these intents, is prohibited by the Statute, it necessarily follows, that an unlawful shooting, with all of these intents, is likewise prohibited. The Indictment, then, which charges all these intents, must be sufficient under the Statute, anditcannotbe demurred to on that account. The authorities in support of this position are numerous. The Attorney General pointed out numerous precedents where thé Statutes use the disjunctive expression, and the Indictments founded on them, the conjunctive. Cases under the Black Act. the Act against assaults, with intent to cut, spoil or deface clothes, and the Acts against forgery, are numerous, in which this variance occurs, and never adjudged to be fatal, but on the contrary, always supported. But the precedents under the Coventry Act, are the most important for the present purpose, because that Act is the foundation on which our own Statute against may-hems was erected. That Act uses the disjunctive expression, “with intent, in so doing, to maim, or disfigure;” and yet the Indictments framed on that Statute have generally (perhaps universally) charged the act to be done “with intent to maim and disfigure.” and I do not perceive that any objection has ever been urged against this method since the date of its passage.” The reason why this mode of indicting has been pursued, seems obvious: it is a rule of great antiquity, that the Indictment must not state the offence disjunctively, because thereby it is left uncertain what is really intended to be relied on as the accusation. The prisoner would not know how to defend himself, if not being certain what offence he is specifically charged with. Thus, to say that a prisoner forged, or caused to be forged, an instrument, is bad, because he cannot know whether he is charged with forging it himself, or causing another to forge it. But, to say that he forged, and caused it to be forged, is good, Cor the prisoner is informed that he is charged with both offences, and he is warned to *prepare himself against both. In opposition, however, to these numerous precedents, a modern one (3 Chitty’s Crim. Law 788,) is relied on. That Indictment is founded on the Statute 43 George 3, against stabbing, cutting, &c. with intent to rob, or murder, &c. or with intent to maim, disfigure, or disable, &c. That precedent prescribes a separate Count for each separate intent, and undoubtedly is a good and sustainable Indictment. It only shews, that if the Attorney General had in this case chosen to have four separate Counts for malicious shooting, and as many for unlawful shooting, such Indictment would have been good under this law: that may be the best method of counting, but it is certainly the most tedious, and does not prove that the old method of charging all the intents conjunctively in one Count, is bad.
The second question is settled by authorities. It is understood to be the rule that it is enough to prove so much of the Indictment, as shews that the prisoner has committed a substantive crime, therein charged against him. (1 Chitty, 558, 637-8.) In this case, the prisoner is convicted of a substantive crime; the jury have found that he is guilty of unlawful shooting, with intent to maim, disfigure and disable, and though they have negatived that part of the Indictment which charges the intent to kill; yet, as by Law. the unlawful shooting, with either intent is punishable, proof of either is sufficient. and the objection to the verdict, founded on that proof, cannot be sustained.

 1 Rev. Code of 1819, ch. 156, § 1 & 2.

 3 Chitty’s Cr. Law, [788].

 1 Chitty’s Cr. Law, 236. Indictment not to state the charg-e disjunctively. Thus, the Statute prevents “forging or causing to he forged. ” The Indictments say “forged and caused.” Renwick Williams’s Case, 1 Leach, 529: Statute, “cut or deface.” Indictment conjunctive. Black Act, Crown Circ. Comp. 82 ; “Blacked or otherwise disguised,” Indictment and. 2 East, 923, Statute says ‘ 'forge or counterfeit,” “acquittance or receipt;” Indictment “and,” 934. Indictments on Coventry Act, the foundation of the Statute.s against mayhem, the Statute uses the disjunctive expression. Indictments, conjunctive. 3 Chitty’s Cr. Law, 787 ; 1 Leach, 55 ; 1 East’s Cr. Law, 402.

 The Commonwealth v. Joseph Cohen. Ante, 158.